**Dun Zhuo ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–1988–AG.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Andrew M. McNeela, Sarah S. Normand, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is DENIED.

Dun Zhuo Zheng petitions for review of the BIA's April 5, 2004 denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion, and not for substantial evidence as the petitioner asserts. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Pursuant to 8 C.F.R. § 1003.2(c)(2), a party may file only one motion to reopen, which must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. Here, Zheng filed motions to reopen with the BIA in August 2001 and in December 2003. He has thus filed more motions than the regulations allow.

An exception to the time and numerical limitations for a motion to reopen is available to a party under 8 C.F.R. § 1003.2(c)(3) if he or she can show changed circumstances in the designated country of deportation. Here, the BIA did not abuse its discretion by holding that the codification of the Chinese family planning policy did not constitute a changed circumstance exception. It reasonably held that Zheng failed to show that the codification did more than formalize pre-existing family planning practices in China or that the change in policy would result in the criminal sanctions or harms to Zheng that he claimed.

Finally, petitioner's brief contains several errors that prevent us from considering portions of his legal arguments. First, pursuant to 8 U.S.C. § 1252(b)(4)(A), we cannot review arguments that are based on information that is not in the record, including State Department Reports. Second, under our own rules, unpublished decisions from this Court "shall not be cited or otherwise used in unrelated cases before this or any other court." 2d Cir. R. 0.23. Lastly, we give no weight to petitioner's arguments that are based on, as

far as the Court can discern, either miscited or non-existent information.

For the foregoing reasons, Zheng's petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED. The respondent's motion to strike portions of Zheng's brief is DENIED as moot.